NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided September 1, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1930

| | |
|---|---|
| CHRISTIAN C. IBEAGWA, *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
| *v.* | No. 19914-14 |
| COMMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee*. | Elizabeth Crewson Paris, *Judge*. |

**O R D E R**

On his income tax return for 2011, Christian Ibeagwa claimed a $4,664 credit for federal excise taxes supposedly paid on fuel purchased from 2005 through 2009. He says he paid these taxes when he bought more than 27,000 gallons of propane to fuel a space heater that his church used during adult-education classes, a use he asserts is

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

nontaxable. The Commissioner of Internal Revenue disallowed any credit, and the Tax Court upheld that decision.

We cannot find a coherent argument in Ibeagwa's brief, but plainly his appeal is meritless. A person who pays excise taxes on fuel used for a nontaxable purpose may claim a refundable credit on his individual return for the tax year in which the fuel is used. *See* 26 U.S.C. §§ 34(a), 6427(a); 26 C.F.R. § 48.6427-3(a). But Ibeagwa concedes that he did not use *any* propane in 2011.

Moreover, even if Ibeagwa had timely amended his tax returns for the years when he purportedly used the fuel, the Tax Court reasonably disbelieved his outlandish assertion that he spent over $25,000 on propane for a space heater. *See JPMorgan Chase & Co. v. C.I.R.*, 530 F.3d 634, 638 (7th Cir. 2008) (recognizing that taxpayer has burden of disproving Commissioner's deficiency determination). A taxpayer seeking a credit for previously paid excise taxes must keep records sufficient to establish (1) the number of gallons of fuel purchased for nontaxable purposes, (2) the dates of purchase, and (3) the name and address of each vendor from whom fuel was purchased. 26 C.F.R. § 48.6427-5. The only records Ibeagwa provided were bank statements showing that on three occasions in late 2009 and early 2010 he purchased about $13 worth of unspecified goods or services from a company called Tulsa Power Service. We review the Tax Court's factual findings for clear error, *Gyorgy v. C.I.R.*, 779 F.3d 466, 480 (7th Cir. 2015), and on this scant evidence the Tax Court could not have erred in rejecting Ibeagwa's testimony.

Ibeagwa also has not explained why he would have paid excise taxes on any fuel he bought for the church. The parties reference 26 U.S.C. § 4041(a), which imposes a tax on the sale of alternative fuels "to an owner, lessee, or other operator of a motor vehicle or motorboat for use as a fuel *in such motor vehicle or motorboat*." § 4041(a)(2)(A)(i) (emphasis added). Ibeagwa says he bought the propane in 14-gallon canisters for heating use, so it seems unlikely that he would have been charged a tax that applies only to fuel sold for use in motor vehicles.

AFFIRMED.